UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GARY MILLER, *et al.,* | ) | CASE NO.  1:21-cv-01919 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE BRIDGET M. BRENNAN |
| v. | ) | |
| | ) | |
| AGRANA FRUIT US, INC., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

Before this Court is Plaintiffs Gary Miller and Donovan Richardson's Motion for

Conditional Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs.  (Doc. No.

26.)  Defendant Agrana Fruit US, Inc. ("Agrana") opposed this motion (Doc. No. 30), and

Plaintiff's filed a reply brief in support of their motion (Doc. No. 31.)  For the reasons that

follow, the Court GRANTS Plaintiffs' motion in part.

## I.  FACTUAL ALLEGATIONS

Agrana owns and operates fruit processing plants in Ohio, New York, Tennessee, and

Texas.  (Miller Dec., Doc. No. 26-2 at PageID 194, ¶¶ 2, 4; Richardson Dec., Doc. No. 26-3 at

PageID 199, ¶¶ 2, 4; Nelson Dec., Doc. No. 26-4 at PageID 206, ¶¶ 2, 4; Rediker Dec., Doc. No,

26-5 at PageID 210, ¶¶ 2, 4.)

Representative Plaintiff Gary Miller worked at Agrana's facility located in Botkins, Ohio

as a "fruit prep lead" from 2003 to 2020.  (Miller Dec., Doc. No. 26-2 at PageID 194, ¶¶ 3-5.)

His role consisted of "various tasks related to getting fruit ready to put in a cooker including

unboxing the fruit and dumping the fruit into a bin." (*Id.* at PageID 194, ¶ 5.)

Representative Plaintiff Donovan Richardson worked at Agrana's Lysander, New York

1

facility from September 2020 until March 2021.  (Richardson Dec., Doc. No. 26-3 at PageID 199, ¶ 3.)  His role consisted of shipping and production functions.  (*Id.*)

Because their jobs demanded close contact with food, Agrana required the Plaintiffs to follow certain sanitary and sterilization protocols before starting work – including washing hands and feet and putting on sanitary uniforms, sanitary boots, sanitary glasses, sanitary gloves, and hair and beard nets. (Miller Dec., Doc. No. 26-2 at PageID 195 ¶ 6; Richardson Dec., Doc. No. 26-3 at 200-01, ¶¶ 6, 11.)  Plaintiffs were required to perform these tasks at the facility before they clocked in.  (Miller Dec., Doc. No. 26-2 at PageID 195-96, ¶¶ 7-8; Richardson Dec., Doc. No. 26-3 at 200-01, ¶¶ 7-8.)  Similarly, after they clocked out of work, Plaintiffs had to change out of the protective clothes.  (Miller Dec., Doc. No 26-2 at PageID 196, ¶ 9; Richardson Dec., Doc. No. 26-3 at 201, ¶ 9.)

Plaintiffs seek to conditionally certify a class to recover unpaid overtime stemming from Agrana's food and sterilization policies under the Fair Labor Standards Act.  Plaintiffs proposed class definition is as follows:

> All current and former hourly, non-exempt employees of Agrana Fruit US, Inc. whose job duties involved contact with food, food-contact surfaces, or food packaging materials, and were required to change at work into sanitary clothing and equipment (e.g., sanitary uniform, sanitary boots, sanitary glasses, sanitary gloves, and hair net), and worked at least 40 hours in at least one workweek, from October 11, 2018, to present.

(Doc. No. 31 at PageID 287.)

In support of litigating this case collectively, Plaintiffs attached their declarations to their motion, along with the declarations of six other employees of Agrana facilities located in Ohio, Tennessee, New York, and Texas.  (Doc Nos. 26-2-26-9.)  Taken together, these declarations provide that throughout Agrana's facilities:

- Agrana employees whose job demanded close contact with food were required

to don similar types of sanitary clothing and equipment at the facility before clocking in for work.  (Miller Dec., Doc. No. 26-2 at PageID 195-96, ¶¶ 6-8; Richardson Dec., Doc. No. 26-3 at PageID 200-01, ¶¶ 6-8; Nelson Dec., Doc. No. 26-4 at PageID 207, ¶¶ 6-8; Rediker Dec., Doc. No. 26-5 at PageID 211, ¶¶ 6-8; Walker Dec., Doc. No. 26-6 at PageID 215-16, ¶¶ 6-8; Giles Dec., Doc. No. 26-7 at PageID 220, ¶¶ 6-8; Wickens Dec., Doc. No. 26-8 at PageID 225, ¶¶ 6-8; Graham Dec., Doc. No. 26-9 at PageID 226, ¶¶ 6-8.)

- Agrana employees were not paid any amount for time spent donning said sanitary clothing and equipment.  (Miller Dec., Doc. No. 26-2 at PageID 195, ¶ 7; Richardson Dec., Doc. No. 26-3 at PageID 200, ¶ 7; Nelson Dec., Doc. No. 26-4 at PageID 207, ¶ 7; Rediker Dec., Doc. No. 26-5 at PageID 211, ¶ 7; Walker Dec., Doc. No. 26-6 at PageID 215, ¶ 7; Giles Dec., Doc. No. 26-7 at PageID 220, ¶ 7; Wickens Dec., Doc. No. 26-8 at PageID 225, ¶ 7; Graham Dec., Doc. No. 26-9 at PageID 229, ¶ 7.)

- Agrana employees whose job demanded close contact with food were required to doff similar types of clothing and equipment after they clocked out of work.  (Miller Dec., Doc. No. 26-2 at PageID 196, ¶ 9; Richardson Dec., Doc. No. 26-3 at PageID 201, ¶ 9; Nelson Dec., Doc. No. 26-4 at PageID 207, ¶ 9; Rediker Dec., Doc. No. 26-5 at PageID 211, ¶ 9; Walker Dec., Doc. No. 26-6 at PageID 216, ¶ 9; Giles Dec., Doc. No. 26-7 at PageID 221, ¶ 9; Wickens Dec., Doc. No. 26-8 at PageID 225, ¶¶ 7, 10; Graham Dec., Doc. No. 26-9 at PageID 229, ¶ 9.)

- Agrana employees were not paid any amount for the time spent doffing said sanitary clothing and equipment.  (Miller Dec., Doc. No. 26-2 at PageID 196, ¶ 11; Richardson Dec., Doc. No. 26-3 at PageID 201, ¶ 11; Nelson Dec., Doc. No. 26-4 at PageID 208, ¶ 11; Rediker Dec., Doc. No. 26-5 at PageID 212, ¶ 11; Walker Dec., Doc. No. 26-6 at PageID 11, ¶ 11; Giles Dec., Doc. No. 26-7 at PageID 221, ¶ 11; Wickens Dec., Doc. No. 26-8 at PageID 225, ¶ 10; Graham Dec., Doc. No. 26-9 at PageID 230, ¶ 11.)

## II.  <u>APPLICABLE LAW</u>

The FLSA was enacted with "broad remedial intent" aimed at addressing "unfair method[s] of competition in commerce" that create "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers."  *Keller v. Miri Microsystems, LLC*, 781 F.3d 799, 806 (6th Cir. 2015).  With this purpose in mind, the FLSA provides that a collective action "may be maintained against any employer . . . by any one or more employees for and on behalf of himself

or themselves and other employees similarly situated."  29 U.S.C. § 216(b).

FLSA collective actions, unlike Rule 23 class actions, require each employee to "opt in."  The opt-in requirement provides a gatekeeping function that permits only those similarly situated employees to participate in the litigation.  Once an employee has opted in, they become a party plaintiff, unlike absent class members in a Rule 23 class action.  *O'Brien v. Ed Donnelly Enterprises, Inc.* 575 F.3d 567, 583 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 1365 S.Ct. 663 (2016).

In evaluating who is "similarly situated" for purposes of maintaining a collective action, courts in this district generally use a two-stage approach.  *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006).  In the first stage, the court looks to the pleadings or some limited discovery to determine "whether to conditionally certify the collective class and whether notice of the lawsuit should be given to putative class members."  *Arends v. Family Solutions of Ohio, Inc.*, No. 1:18-cv-2017, 2019 WL 4417674, at *4 (N.D. Ohio Sept. 16, 2019) (citation and quotation omitted).  Generally, the standard that plaintiffs must satisfy for conditional certification is a lenient one.  *King v. Bailey's Quality Plumbing & Heating, LLC*, 2021 WL 925809, at *3 (N.D. Ohio Mar. 11, 2021) (citing *Barker v. Stark Cnty.*, 2020 WL 1288807, at *2 (N.D. Ohio Mar. 18, 2020)).  It is the lead plaintiff who bears the burden of demonstrating that the proposed class members are similarly situated to him and that his proposed FLSA collective action should proceed.  *See O'Brien*, 575 F.3d at 584.

If a lead plaintiff successfully demonstrates that the proposed class members are sufficiently similar to him, then the class is conditionally certified.  Notice to potential class members follows, as does full discovery.  After this occurs, the Court moves to stage two.  In stage two, the Court conducts a thorough review of the record and makes a final determination

whether the opt-in class members are similarly situated to the lead plaintiff.  *Comer*, 454 F.3d at 546; *see also Marek v. Toledo Tool & Die*, 2017 WL 5891765, at *2-3 (N.D. Ohio Nov. 29, 2017).

When a plaintiff is seeking conditional certification at the beginning of discovery, known as the notice stage, a plaintiff need only make a "modest factual showing" that "his position is similar, not identical, to the positions held by the putative class members."  *Comer*, 454 F.3d at 546-47.  Meaning, the lead plaintiff's stated basis for a FLSA collective action accrued in approximately the same manner as other potential class members.

Suffering from a single, FLSA-violating policy that is applied to all can be sufficient proof that the plaintiffs are similarly situated to the collective.  *O'Brien*, 575 F.3d at 585.  It is not required, though.  *Monroe v. FTS USA, LLC*, 860 F.3d 389, 398 (6th Cir. 2017).  Separately, claims "unified by common theories of defendants' statutory violations, even if proofs of these theories are inevitably individualized and distinct," may also support a determination that the plaintiffs are similarly situated.  *Id.*  (rejecting defendant's assertion that individual assessments of each violation rendered conditional certification improper).  As the Sixth Circuit recognized in *Monroe*, sufficient proof of either one supports a determination that the lead plaintiff and collective members are similarly situated.  *Id.*

Here, discovery has not begun.  This case is in the notice phase of stage one.  The decision to conditionally certify a class is within the discretion of the trial court.  *See Comer*, 454 F.3d at 546.  In using their discretion, "courts have considered whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; and whether evidence of a widespread plan was submitted."  *Thompson v. Menorah Park Ctr. for Senior Living Bet Moshav Zekenim Hadati*, No. 1:17CV2580, 2021 WL 388771, at *2 (N.D. Ohio Feb. 4, 2021) (internal

quotation marks and citations omitted).

### III.  DISCUSSION

#### A.  Conditional Class Certification

Plaintiffs have satisfied their "modest" burden for conditional certification.  Along with their sworn declarations, Plaintiffs have submitted sworn declarations from six other employees from various Agrana facilities establishing: (1) Agrana employees who came in contact with food were "similarly situated," as they were "uniformly" required by Agrana to don and doff similar protective gear; (2) Agrana required this donning and doffing to be performed before and after the employees clocked in and out of work each day; and (3) because Agrana's donning and doffing policy, these employees did not receive credit for all "compensable" time worked and, therefore, faced similar FLSA overtime violations.  Such evidence is more than enough for conditional class certification.  *E.g., Thompson*, 2021 WL 388771, at *2 (conditionally certifying a class after reviewing three employee declarations stating that they were not paid overtime); *Petersen v. Cleveland Inst. of Art*, No. 1:08 CV 1217, 2011 WL 1230267, at *4 (N.D. Ohio Mar. 30, 2011) (granting conditional class certification based on representative plaintiff's affidavit that he and other employees he observed were not being paid in accordance with the FLSA); *Roberts v. J.R. Eng'g, Inc.*, No. 5:19-CV-00110, 2019 WL 5653340, at *6 (N.D. Ohio Oct. 31, 2019) (granting conditional class certification after reviewing three declarations from defendants' employees at different facilities who were similarly told to clock in and out of work in ways that did not account for all compensable FLSA time worked).

Defendant's three arguments against conditional certification are unpersuasive.

First, Defendant assert that Plaintiffs have not identified a single class wide policy or practice that amounted to an FLSA violation.  (Doc. No. 30 at PageID 247.)  Instead, Defendant

contends all Plaintiffs' have established is that several Agrana employees erroneously believed that they were required to don before clocking in and doff after clocking out.  (*Id.* at PageID 248.)  Defendant also attaches the declaration of Agrana's HR director to contradict Plaintiffs' evidence regarding when employees were required to clock in and out in relation to donning and doffing.  (Doc. No. 30-1.)

This argument misses the mark for several reasons.  To start, Plaintiffs do not have to identify a specific Agrana FLSA-violating policy to prevail.  Rather, they must only show "their claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct."  *O'Brien*, 575 F.3d at 585.  Here, Plaintiffs have met this burden by providing eight declarations from Agrana employees at different facilities who had to don and doff similar protective gear before and after clocking out. *See, e.g.*, *id.* (finding that plaintiffs met the standard for conditional class certification because they were purportedly entitled to relief under the common theory of being forced to work off the clock).  Also, the declaration of Agrana's HR Director is of no import because, at the conditional certification, a court "does not generally consider the merits of claims, resolve factual disputes, or evaluate credibility."  *Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 765 (N.D. Ohio 2015). The Court declines to do so here.

Second, Defendant argues that conditional certification is inappropriate because some of Plaintiffs' declarations indicate that Agrana employees spent a *de minimis* amount of time donning and doffing, which means they would not be entitled to relief under the FLSA.  (Doc. No. 30 at PageID 250.)  This argument fails because courts do not consider a defendant's *de minimis* defense at the conditional class certification stage.  *E.g.*, *Roberts*, 2019 WL 5653340, at *7; *Still v. Belmont Confections, Inc.*, No. 4:18CV1990, 2019 WL 12291279, at *3 (N.D. Ohio

Mar. 1, 2019).

Third, Defendant highlights that Plaintiff's declarations indicate that the employees each stated that it took them different amounts of time to don and doff, establishing that this case is not well suited for a collective action.  (Doc. No. 30 at PageID 249.)  For example, in one declaration, an employee stated that it took him 15-20 minutes to change into the protective gear, while another stated it took him 5-10 minutes.  (*Id.*)  But these discrepancies bear little weight on granting class certification, as they go to the damages that the employees would be entitled to, not whether the employees faced similar FLSA violations.  The fact that class members will have individualized damages does not defeat class certification under Fed. R. Civ. P. 23, let alone under the comparatively lenient FLSA conditional class certification standard.  *In re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig.*, 722 F.3d 838, 854 (6th Cir. 2013) ("No matter how individualized the issue of damages may be, determination of damages may be reserved for individual treatment with the question of liability tried as a class action." (internal quotation marks omitted)).

Accordingly, the Court GRANTS Plaintiff's motion as it relates to conditionally certifying the following class:

> All current and former hourly, non-exempt employees of Agrana Fruit US, Inc. whose job duties involved contact with food, food-contact surfaces, or food packaging materials, and were required to change at work into sanitary clothing and equipment (e.g., sanitary uniform, sanitary boots, sanitary glasses, sanitary gloves, and hair net), and worked at least 40 hours in at least one workweek, from October 11, 2018, to present.

### B.  Opt-In Procedures

Plaintiffs also move for approval of their proposed opt-in procedures.  The Court ORDERS Plaintiffs and Defendant to meet and confer to determine a mutually agreeable opt-in procedure. The Court ORDERS the parties to report to the Court within 21 days with jointly approved forms

or a document specifying for the Court any areas of disagreement regarding the proposed notice, consent form, or cover email.

**IV.  CONLUSION**

For the reasons stated above, Plaintiff's motion for conditional class certification is GRANTED in part.  The Court conditionally certifies Plaintiff's proposed class and will finalize the opt-in procedure after reviewing the parties' joint filing pursuant to this Order.

**IT IS SO ORDERED**.

Date: September 27, 2022

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

9