# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| GARY MILLER, *et al.*, on behalf of themselves and others similarly situated, | ) )  Case No 1:21-cv-1919 |
| Plaintiffs, | ) )  Judge Bridget Meehan Brennan |
| vs. | ) ) )  **ORDER GRANTING** |
| AGRANA FRUIT US, INC., | )  **RENEWED JOINT MOTION FOR** )  **FINAL APPROVAL OF CLASS** |
| Defendant. | )  **ACTION SETTLEMENT** |

The Parties move the Court to grant final approval of the Class Action Settlement Agreement ("Agreement") pursuant to Fed. R. Civ. P. 23(e). A fairness hearing was held on March 14, 2024.

Having reviewed the Agreement, as well as the Parties' Joint Motion, the declarations appended thereto, and the pleadings and papers on file in this Action, and for good cause established therein, the Court hereby enters this Order granting final approval of the class action settlement as follows:

1. Representative Plaintiffs asserted collective claims under the Fair Labor Standards Act ("FLSA"), Rule 23 class claims under Ohio law, and Rule 23 class claims under New York law. Specifically, Representative Plaintiffs alleged that Defendant did not properly compensate the Class for changing into and out of their sanitary clothing prior to and after their shifts, which resulted in unpaid overtime.

2. Defendant denied that it had failed to compensate its employees for all hours worked, denied all alleged violations of law, and asserted affirmative defenses to same.

3. The Parties engaged in arms-length settlement negotiations that were well-informed by a damages analysis and a statistical expected valuation analysis. The Parties mediated

before a third-party neutral and settlement negotiations culminated in a proposed agreement to settle the case on a class-wide basis.

4. This Court granted preliminary approval of the Agreement on August 16, 2023, and ordered that Notice of Class Action Settlement be distributed to the members of the class. On November 29, 2024, the Parties' Joint Motion to Reschedule Fairness Hearing was granted, rescheduling the Fairness Hearing from December 4, 2023, to March 14, 2024, due to Settlement Administrator having inadvertently not sent notices required by the Class Action Fairness Act ("CAFA"). The Court also denied as moot the Parties' November 22, 2023, Joint Motion for Final Approval of Class Action Settlement, with instructions to refile the motion by March 11, 2024. (Doc. 63; Order [non-document]).

5. The Parties have filed a declaration from the Settlement Administrator verifying that Class Notices were distributed in the form and manner approved by the Court. No prospective Class Members objected and only one excluded themselves from the Settlement. Also, the Settlement Administrator's declaration confirms that on December 5, 2023, the Settlement Administrator sent CAFA notice to the Attorney General of the United States, the Ohio Attorney General, and the New York Attorney General, which were confirmed as delivered via United States Postal tracking numbers.

6. The Court finds that the members of the Class were given adequate notice of the pendency of this Action, the proposed settlement, and the date of the fairness hearing as ordered by the Court. The Court further finds that the notice was reasonable and the best notice practicable and satisfied the requirements of Fed. R. Civ. P. 23 and due process.

7. The Court finds that the proposed settlement satisfies the standard for final approval of a class action settlement under Fed. R. Civ. P. 23(e). The proposed settlement class satisfies

Rule 23(a)'s requirements of commonality, numerosity, typicality, and adequacy of representation, as well as Rule 23(b)'s requirements of predominance and superiority. Representative Plaintiffs are adequate representatives of their respective Ohio and New York Classes in that they are members of their respective Classes and possess the same interests and suffered the same injuries as the other Class members. The Class encompasses persons with like factual circumstances and like claims. The settlement payments made available to the members of the Class are commensurate with their alleged claims. The Court finds that the proposed settlement is fair, reasonable, and adequate as to the Class, and qualifies for final approval under Rule 23(e). For example, Class Counsel's calculated expected value exceeds the total settlement amount. Judge Posner, writing for a Seventh Circuit panel, concluded that an EV is the proper method for determining the fairness of a class settlement: "A settlement is fair to the plaintiffs in a substantive sense . . . if it gives them the expected value of their claim if it went to trial . . . ." *Mars Steel Corp. v. Cont'l Illinois Nat. Bank & Tr. Co. of Chicago*, 834 F.2d 677, 682 (7th Cir. 1987) (explaining an EV calculation where a settlement of $7 million or more would be justified even where theoretical damages not accounting for compounded risk of loss could be up to $1 billion).

8. The Court approves the Agreement and orders that it be implemented according to its terms and conditions.

9. The Court therefore orders that the Global Settlement Amount in the amount of **$690,000.00** be paid by Defendant and distributed in the manner described in the Agreement.

10. The Court approves the Service Awards to Representative Plaintiffs in the amount of **$5,000.00** each, for a total of **$10,000.00**, and orders that such payments be made in the manner, and upon the terms and conditions, set forth in the Agreement.

11. The Court approves the payment of attorneys' fees of **$230,000.00** (representing one-third of the Global Settlement Amount) and **$16,522.12** in litigation expenses, and orders that such payments be made in the manner, and upon the terms and conditions set forth in the Agreement.

12. Representative Plaintiffs and the Class Members release claims against Defendant as provided in the Agreement.

13. The Court dismisses this action with prejudice.

14. The Parties are to bear their respective attorneys' fees and costs except as provided in the Agreement.

15. The Court retains jurisdiction over this Action for the purpose of enforcing the Agreement.

16. There being no just reason to delay entry of this Final Order, the Court orders the Clerk of the Court to enter this Final Order immediately, along with Entry of Judgment thereon.

**IT IS SO ORDERED.**

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

**Date**: March 14, 2024